## THE STATE, WILLIAM SWANTON, PROSECUTOR, v. DAVID M. PIERSON ET AL.

1. In laying out a road between two fixed points, the surveyors are charged with the duty of determining its course and length, according to their discretion, limited only by the description of the road applied for, and by the requirements of the statute.

2. It is sufficient if the surveyors have laid out a road which, taken as a whole, does not vary materially from the one described in the application.

3. When the route and length of a road have been adopted by the surveyors, in the fair and proper exercise of the limited and qualified discretion which the law gave them, their judgment upon these matters will not be reviewed by this court on *certiorari.*

4. An assessment of surveyors will not be disturbed in this court, merely on the ground of its inadequacy as a compensation to the land owner; but, whenever it plainly appears that such inadequacy resulted from the surveyors having adopted and acted upon a wrong principle in making up their judgment, the whole proceedings will be set aside.

5. In assessing damages, sustained by the owner of land through which a road is laid, the value of the advantages which would accrue to him from the laying of the road should not be taken into consideration.

6. An assessment of damages, made in favor of the estate of E. B., is fatally defective, it not specifying particularly the owner, as required by the statute.

State, Swanton, pros., v. Pierson.

On *certiorari.* In matter of public road.

Argued at November Term, 1874, before Justices BEDLE, WOODHULL and VAN SYCKEL.

For the prosecutor, *Beekman.*

The opinion of the court was delivered by

WOODHULL, J.    This writ is directed to the Court of Common Pleas of the county of Monmouth, and brings up the proceedings in the matter of a public road in the township of Ocean, in said county.

I will notice, in their order, the reasons relied on for setting aside these proceedings.

The first is, that the road, as laid out by the surveyors, and described in the return, is different and variant from the route named and described in the petition of the freeholders, the appointment and notices.

The road, as applied for, and as described in the notices and in the appointment of surveyors, was as follows : Beginning at a stake, &c., and to run thence, first, easterly, then northeasterly, and then in a southerly direction, over lands of William B. Bradner, John Flavell and others, to a stake near Dark Creek, standing," &c.

As described by the surveyors in their return, the road begins and ends at the points named in the application, appointment and notices, runs through lands of William B. Bradner, John Flavell and others, and contains, in all, eight courses, of which the first, third, fourth, fifth and seventh, are easterly, the second and sixth northeasterly, and the eighth southerly.

I am unable to find, in this description, anything which is not fairly embraced in the general description, contained in the application and notices.

It is sufficient if the surveyors have laid out a road which, taken as a whole, does not vary materially from the one described in the application. *The State* v. *Atkinson*, 3 *Dutcher* 420 ; *The State, Covert, pros.*, v. *Hulick et al.*, 4 *Vroom*. 307.

This, I think, they have done in the present case. The first reason is, therefore, not sustained.

The second reason raised the same objection in a different form, and is sufficiently answered by what has been already said.

The third reason urged that the road was laid out without regard to the best ground, and is not the shortest, but the longest distance between the beginning and ending points.

The first of these allegations, namely, that this road was laid out without regard to the best ground, is not sustained by the record.

The language of the return is: "We, whose names are hereto subscribed, think and adjudge the said public road to be necessary, and do lay the same as appears to us to be most for the public and private convenience, having a regard for the best ground for a road," &c.

If the language had been, "having a regard to," (instead of for), "the best ground for a road," this part of the return would have been in the usual and proper form.

Taken as it is, however, the return cannot be fairly understood to mean anything else than that the surveyors, in laying the road in question, had regard to the best ground for that purpose.

The use of *for* instead of *to* should be held to be, as it no doubt was, a mere clerical error, which can in no way change the legal effect of the return.

The second allegation embraced in the third reason, namely, that the road in question is not the shortest, but the longest distance between the beginning and ending points, is partly true. It certainly does not reach its terminus in a direct line. But as no one ever imagined that to be necessary; the real point of the objection is, probably, that this road might, and should have been shorter than the surveyors have thought proper to make it.

The obvious answer to the objection taken in this sense is, that in laying out a road between two fixed points the surveyors are charged with the duty of determining its course and

length, according to their discretion, limited only by the description of the road applied for, and by the requirements of the statute.

These are that they shall lay the road "as *may appear to them* to be most for the public and private convenience, having a regard to the best ground for a road, and the shortest distance, in such a manner as to do the least injury to private property."

It appears from the return that this road was laid by the surveyors in view of, and with special reference to, the several matters which the law requires them to consider in that connection.

There is nothing to indicate, nor is it suggested, that they have not throughout these proceedings, acted in perfect good faith.

The route and length of the road in question having been adopted by the surveyors in the fair and proper exercise of the limited and qualified discretion which the law gave them, their judgment upon those matters will not be reviewed by this court on *certiorari*.

The fourth reason assigned for setting aside these proceedings is, that the notices set up of the application, the application and appointment do not give the general course and direction of the road, but deceived and misled the public.

From what was said under the first reason, it appears plainly enough that the notices, &c., *do give* the general course and direction of the road, viz.: "first easterly, then northeasterly, and then in a southerly direction."

If this designation of the proposed route of the road is insufficent, by reason of its generality, these proceedings cannot be sustained whether anybody was in fact deceived by it or not.

But there can be no doubt that such a general statement of the course of the proposed road as is given in the notices, &c., in this case, is not only sufficient, but is really more in conformity to the spirit of our road act than a particular statement, which must more or less fetter and embarrass the

surveyors in the exercise of that discretion which the law has confided to them. *Matter of Public Road,* 1 *South.* 31.

Nor is it easy to understand how the public could have been, in any proper sense, deceived and misled by such general statement, because, as we have seen, the courses of the road laid, instead of being variant from those named in the notices, &c., are, in fact, fairly embraced within them.

The fifth and sixth reasons relate to the assessment of damages, returned by the surveyors for the taking of certain lands for said road.

An assessment of fifty cents to William Swanton, the prosecutor, and one of the owners of land, through which the road is laid, for the damages he will sustain over and above the advantages that will accrue to him from the road, is said to be manifestly unjust.

If it can be fairly presumed, from the language of the return, that the surveyors have legally exercised their judgment in regard to the damages sustained by the prosecutor, their decision will not be reviewed here on this writ. *State* v. *Miller,* 3 *Zab.* 383; *State* v. *Hulick,* 4 *Vroom* 307.

Such an assessment will not be disturbed by this court, merely on the ground of its inadequacy as a compensation to the land owner; but, whenever it plainly appears that such inadequacy resulted from the surveyors having adopted and acted upon a wrong principle in making up their judgment, their whole proceedings will be set aside.

It appears by the return that the sum of fifty cents was fixed upon by the surveyors as the amount to be assessed in favor of the prosecutor, simply because, in their opinion, his actual damages would exceed, by just that sum, the value of the advantages which would accrue to him from the laying of the road.

It has been decided that an assessment made upon such a principle cannot be sustained, under the act approved March 1st, 1850. *Nix. Dig.* 833; *State* v. *Miller,* 3 *Zab.* 383; *Williamson* v. *Inhabitants of East Amwell, &c.,* 4 *Dutcher* 270.

In this case the assessment cannot be justified under the

supplement approved March 23d, 1859, (*Nix. Dig.* 838,) because, in the first place, the county of Monmouth is expressly excepted from the operation of that act; (*Nix. Dig.* 842, *pl.* 115;) and, secondly, because this assessment is not, either in form or substance, such as that act authorizes. *Nix. Dig.* 841, *pl.* 108.

The next objection to the assessment is, that damages are assessed to the estate of Edward Brinley, deceased, instead of being assessed to his widow and to his children, and heirs-at-law.

The surveyors are not only required to make an assessment, &c., but such assessment must "particularly specify the amount assessed in favor of the respective owners." *Nix. Dig.* 833, *pl.* 60.

The assessment in this case, "in favor of the estate of Edward Brinley, deceased," is fatally defective. *State v. Everitt et al.,* 3 *Zab.* 378; *State v. Garretsen,* 3 *Zab.* 388; *State v. Runyon et al.,* 4 *Zab.* 256; *State v. Oliver et al.,* 4 *Zab.* 129; *State v. Fisher et al.,* 2 *Dutcher* 129; *State v. Blauvelt,* 4 *Vroom* 37.

The objections to the assessment returned by the surveyors in this case, are well taken, and their proceedings must, therefore, be set aside.